

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# James v. Riley

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"James v. Riley" (2005). *2005 Decisions.* Paper 310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3762

CLIVE JAMES,
                    Appellant

v.

WILLIAM RILEY, DIRECTOR OF THE PHILADELPHIA OFFICE
OF IMMIGRATION, CUSTOMS AND ENFORCEMENT
OF THE DEPARTMENT OF HOMELAND SECURITY;
*MICHAEL CHERTOFF, SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 04-cv-00785
(Honorable Cynthia M. Rufe)

Argued October 18, 2005

Before: SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed: October 31,2 005 )

STEVEN A. MORLEY, ESQUIRE (ARGUED)
Morley, Surin & Griffin
325 Chestnut Street, Suite 1305-P
Philadelphia, Pennsylvania 19106
        Attorney for Appellant

SUSAN R. BECKER, ESQUIRE (ARGUED)
Office of United States Attorney
615 Chestnut Street
Philadelphia, Pennsylvania 19106
        Attorney for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

The sole issue is whether certain changes to the Attorney General's discretionary waiver of deportation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in relevant part at 8 U.S.C. § 1182), may be applied retroactively to Petitioner Clive James. James is a citizen of Jamaica and a felon who the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("BICE"), now seeks to remove. Through a habeas petition, James challenges the immigration judge's order that he was ineligible to apply for the discretionary waiver. Though he committed his crime prior to the statutory amendment, James was convicted after AEDPA's effective date. The District Court denied James's petition. Because the dispositive date in determining impermissible retroactivity for the waiver provision is the date of conviction, *see INS v. St. Cyr*, 533 U.S. 289 (2001), we will affirm.

2

## I

Because we write only for the benefit of the parties, our summary of the facts will be abbreviated.

James is a citizen and native of Jamaica, admitted to the United States as a lawful permanent resident in 1978. He was arrested for trafficking marijuana on February 5, 1996. He was convicted on October 2, 1996 and sentenced to three to six years in prison. He served 14 months, followed by six months in a work camp. After his release in May 1998, the Immigration and Naturalization Service began deportation proceedings. On August 31, 2000, an immigration judge ordered James's removal, and the Board of Immigration Appeals affirmed. Both the IJ and BIA denied James's Motion to Reopen and the BICE took him into custody on February 17, 2004. James immediately filed a habeas petition under 28 U.S.C. § 2241, contending the IJ improperly held he was ineligible to apply for a discretionary waiver of deportation. The District Court denied the writ. We have jurisdiction under 28 U.S.C. § 1291.

Prior to the effective date of AEDPA—April 24, 1996—certain felons subject to deportation could apply for a discretionary waiver of deportation under the Immigration and Nationality Act of 1952, § 212(c). 8 U.S.C. § 1182(c) (repealed 1997). The Attorney General's discretionary waiver was an important and frequently used avenue for relief from deportation. *St. Cyr*, 533 U.S. at 295-96. Section 440(d) of AEDPA narrowed the class of aliens who could apply for the waiver by barring aggravated felons and those

3

convicted of certain drug crimes from applying for the relief. James is barred as both. In September of 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Pub. L. No. 104-208, 110 Stat. 3009-546 (codified in scattered sections of Title 8 of the United States Code). IIRIRA went into effect on April 1, 1997 and completely repealed the § 212(c) waiver.

## II

James was convicted of an aggravated felony and drug trafficking after AEDPA's 1996 amendment to § 212(c) relief. Therefore, he may not petition for this waiver. In *INS v. St. Cyr*, the Supreme Court held that aliens who pleaded guilty prior to the enactment of AEDPA were nonetheless eligible for a waiver of removal because they had relied on the availability of the waiver when they pleaded guilty. 533 U.S. at 326. AEDPA became effective on April 24, 1996, two months after the marijuana trafficking that led to James's conviction but months before his October 1996 conviction.

As the District Court recognized, *Ponnapula v. Ashcroft*, 373 F.3d 480 (3d Cir. 2004), confirms that James is ineligible to petition for the waiver. In *Ponnapula*, we held the impermissible retroactive effect enunciated in *St. Cyr* was not limited to aliens who had pleaded guilty before the change in the law. We allowed certain aliens, who had proceeded to trial and who had relied on the availability of the § 212(c) waiver when declining to accept a plea offer, to be eligible for § 212(c) relief. *Id.* at 496 ("[B]ecause aliens such as Ponnapula who affirmatively turned down plea agreements had a reliance

4

interest in the potential availability of § 212(c) relief, we hold that IIRIRA's repeal of § 212(c) is impermissibly retroactive with respect to such aliens.").

But James's reliance on *Ponnapula* is misplaced. In both cases—*Ponnapula* and *St. Cyr*—the relevant date was the date of conviction, not the date of criminal conduct. *See Domond v. INS*, 244 F.3d 81, 85-86 (2d Cir. 2001) ("We find that Section 440(d) imposes no new legal consequences on aliens like Domond whose criminal conduct pre-dates AEDPA, but whose convictions came after AEDPA's enactment. 'It is the conviction, not the underlying criminal act, that triggers disqualification from 212(c) relief.'") (quoting *St. Cyr v. INS*, 229 F.3d 406, 418 (2d Cir. 2000)); *see also Kelava v. Gonzales*, 410 F.3d 625, 630-31 (9th Cir. 2005) ("We have cabined *St. Cyr* to the plea context, because of the alien's reliance on existing law in that situation. . . . [W]e hold there is no retroactive effect in applying the IIRIRA elimination of § 212(c) relief to Keleva, who quite clearly engaged in the requisite terrorist activity prior to IIRIRA's enactment."). The date of conviction is the consequential date for our analysis because it is only after a conviction that an alien is subject to removal. *See St. Cyr*, 533 U.S. at 314-15 (stating that upon conviction an alien is both subject to deportation and "eligible for a discretionary waiver of that deportation under the prevailing interpretation of § 212(c)").

Determining if AEDPA's change to the waiver qualifications is impermissibly retroactive in this case "demands a common sense, functional judgement" that "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and

5

settled expectations.'" *Martin v. Hadix*, 527 U.S. 343, 357-58 (1999) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994)). James contends he relied on the availability of the § 212(c) waiver at the time he committed his crimes. In *Ponnapula*, we rejected this very argument, noting "'it would border on the absurd' to argue that an alien would refrain from committing crimes or would contest criminal charges more vigorously if he knew that after he had been imprisoned and deported, a discretionary waiver of deportation would no longer be available to him." 373 F.3d at 496 n.14 (quoting *Lara-Ruiz v. INS*, 241 F.3d 934, 945 (7th Cir. 2001)).

James argues in the alternative he is eligible for the waiver because he entered his guilty plea before the complete repeal of the waiver device by IIRIRA, which went into effect on April 1, 1997, after his conviction.[1] This argument fails because by the time James entered his plea AEDPA already barred aliens like James—who were convicted of drug offenses or aggravated felonies—from applying for a § 212(c) waiver. In AEDPA, Congress first narrowed the class of aliens who could apply for the discretionary waiver, and then in IIRIRA, Congress later chose to end the waiver entirely.

---

[1] IIRIRA repealed § 212(c) and replaced it with a new section excluding from the class anyone "convicted of an aggravated felony." 8 U.S.C. § 1229b(a)(3).

6

**III**

James pleaded guilty after the effective date of AEDPA, which eliminated the waiver for the class of criminal aliens to which he belongs. For the reasons set forth, we will affirm the order of the District Court denying the petition for writ of habeas corpus.